UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DWAYNE WINFREY, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    Case No. 22-CV-0117-CVE-SH |
| | ) |
| RANDY HARDING, Warden,[1] | ) |
| | ) |
|     Respondent. | ) |

**OPINION AND ORDER**

Petitioner Dwayne Winfrey, a self-represented Oklahoma prisoner,[2] seeks federal habeas relief, through a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. # 4).[3] He challenges the lawfulness of his custody under three criminal judgments entered against him in the District Court of Tulsa County. Winfrey claims these judgments are invalid because "[t]he State of Oklahoma did not have subject-matter jurisdiction to prosecute[,] convict[,] and sentence [him] for alleged crimes that occurred within the boundaries of the Creek Nation Reservation." Dkt. # 1, at 1, 5-6. Having considered the petition, the response in opposition to the petition (Dkt. # 21), the reply (Dkt. # 28), relevant portions of the state-court record, and applicable law, the Court dismisses in part and denies in part the petition.

---

[1] According to the Oklahoma Department of Corrections, Winfrey presently is incarcerated at the Dick Conner Correctional Center ("DCCC") in Hominy, Oklahoma. The Court therefore substitutes the DCCC's warden, Randy Harding, in place of Scott Nunn as party respondent. FED. R. CIV. P. 25(d); Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. The Clerk of Court shall note on the record this substitution.

[2] Because Winfrey appears without counsel, the Court liberally construes the petition and reply. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] Winfrey initiated this action by filing a handwritten petition. Dkt. # 1. As directed by the Court, Winfrey filed an amended petition, using the court-approved form. Dkt. # 4. The Court later declared moot the original petition. Dkt. # 7. The Court thus refers to the amended petition as the petition.

I.      **Background**

Winfrey claims he is in custody in violation of federal law under the judgments entered against him in Tulsa County District Court Case Nos. CF-2018-1119, CF-2005-5770, and CF-2004-4372. Dkt. # 4, at 1. Winfrey exhausted available state remedies as to the only claim he identifies in the petition by presenting that claim to the Oklahoma Court of Criminal Appeals ("OCCA") through a postconviction appeal filed in OCCA Case No. PC-2021-1087. Id. at 5-7; Dkt. # 21-51; see 28 U.S.C. § 2254(b)(1)(A) (requiring state prisoner to exhaust available state remedies before seeking federal habeas relief). The Court thus summarizes the relevant procedural history in each case.

A.      **Case No. CF-2004-4372**

In Case No. CF-2004-4372, Winfrey was convicted, upon a guilty plea, of domestic assault and battery (second offense). Dkt. # 21, at 3; Dkt. # 21-1. In November 2004, the trial court sentenced him to two years' imprisonment, with all time suspended. Id. Winfrey's judgment became final on December 10, 2004, when the time expired for him to seek direct review of this judgment. Dkt. # 21, at 32; see Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (explaining when a state court judgment becomes final for purposes of filing a federal habeas petition within the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1)(A)).

In April 2006, the trial court revoked Winfrey's suspended sentence in full and ordered him to serve the two-year sentence in state custody. Dkt. # 21-4. The OCCA affirmed Winfrey's revocation on direct appeal in February 2007, in OCCA Case No. RE-2006-380. Dkt. # 21-5. Winfrey discharged his sentence on April 18, 2007, and began serving his sentence in Case No. CF-2005-5770 that same day. Dkt. # 21-7; Dkt. # 21-39, at 12.

B.    Case No. CF-2005-5770

In Case No. CF-2005-5770, Winfrey was convicted of two offenses, following a jury trial, and, in May 2006, the trial court sentenced him as follows: twenty years' imprisonment and a monetary fine for trafficking in illegal drugs (cocaine); and a monetary fine for possession of a controlled dangerous substance without tax stamp affixed. Dkt. # 21-8, at 1; Dkt. # 21-10. The trial court ordered Winfrey to serve the twenty-year prison sentence consecutive to the sentence imposed in Case No. CF-2004-4372. Dkt. # 21-10. The OCCA affirmed Winfrey's judgment on direct appeal in June 2007, in OCCA Case No. F-2006-545. Id. His judgment became final on September 11, 2007. Dkt. # 21, at 33; Gonzalez, 565 U.S. at 150. For the next four years, Winfrey unsuccessfully pursued postconviction relief in state court, asserting various claims not relevant to this habeas action. Dkt. # 21, at 4-6.

In 2008, Winfrey sought federal habeas relief, through a petition, amended petition, and supplemental petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his custody under the judgment in Case No. CF-2005-5770. See Dkt. ## 1, 4, 20, Winfrey v. Rudek, N.D. Okla. Case No. 08-CV-0174-CVE-TLW. This court declared moot the petition and denied relief as to all claims in the amended and supplemental petitions in March 2011. See id. (Dkt. ## 26, 27). Winfrey appealed, and the United States Court of Appeals for the Tenth Circuit denied a certificate of appealability and dismissed the appeal. Winfrey v. Rudek, 432 F. App'x 743 (10th Cir. Aug. 1, 2011). In 2012, Winfrey filed a post-judgment motion in the closed habeas action, and this court construed it as an unauthorized second or successive habeas petition and dismissed the petition for lack of jurisdiction. See Dkt. ##47, 48, Winfrey v. Rudek, N.D. Okla. Case No. 08-CV-0174-CVE-TLW.

In February 2014, Winfrey was released on parole in Case No. CF-2005-5770, subject to a

term of supervision until March 8, 2026. Dkt. # 21-28; Dkt. # 21-39, at 5, 7-9.[4] In August 2020, after Winfrey was tried and convicted in Case No. CF-2018-1119, his parole was revoked, and he was ordered to serve the remaining portions of his sentence in state custody. Dkt. # 21-39, at 11-14. The certificate of revocation indicates that Winfrey was ordered to serve the remaining portion of his sentence "concurrently with the terms ordered in Tulsa County case CF-2018-1119, with credit for street time." Id. at 11.

### C.     Case No. CF-2018-1119

In Case No. CF-2018-1119, Winfrey was convicted of seven offenses, following a jury trial, and, in September 2019, the trial court sentenced him as follows: forty-five years' imprisonment for aggravated trafficking in illegal drugs; twenty years' imprisonment for possession of a firearm, after former conviction of a felony; ten years' imprisonment for possession of a firearm while in the commission of a felony; four years' imprisonment for unlawful use of video surveillance equipment in the commission of a felony; twenty years' imprisonment for maintain place for keeping/selling controlled drugs; five years' imprisonment for possession of a controlled drug without tax stamp affixed; and one year in jail for possession of paraphernalia. Dkt. # 21-33. The trial court ordered most terms to be served concurrently but ordered the first twenty-year prison term to be served consecutively to the forty-five-year prison term and ordered the second twenty-year prison term to be served consecutively to the first twenty-year prison term. Id. The OCCA affirmed Winfrey's judgment on January 7, 2021, in OCCA Case No. F-2019-726. Dkt. # 21-31. Winfrey's judgment in Case No. CF-2018-1119 became final on June 6, 2021, when

---

[4] As respondent contends, the certificate of parole and certificate of release refer only to Winfrey's conviction and sentence in Case No. CF-2005-5770. Dkt. # 21-39, at 7.

the time expired for him to seek further direct review. Gonzalez, 565 U.S. at 150.[5]

### D. OCCA Case No. PC-2021-1087

In July 2020, while Winfrey's direct appeal in OCCA Case No. F-2019-726 was pending, the Supreme Court issued two decisions related to Winfrey's claim that the state improperly exercised criminal jurisdiction over his prosecutions—McGirt v. Oklahoma, 591 U.S. 894 (2020), and Sharp v. Murphy, 591 U.S. 977 (2020). The McGirt Court held that because Congress did not disestablish the Muscogee (Creek) Nation Reservation the land within the historical boundaries of that reservation is "Indian country," as defined in 18 U.S.C. § 1151(a), and the federal government thus has exclusive jurisdiction, under 18 U.S.C. § 1153, to prosecute Indians for committing certain crimes within the boundaries of that reservation. McGirt, 591 U.S. at 913, 932-34. Relying on McGirt, the Supreme Court in Murphy summarily affirmed the United States Court of Appeals for the Tenth Circuit's 2017 decision that had reached the same conclusions regarding the Indian-country status of the Muscogee (Creek) Nation Reservation and the exclusivity of federal jurisdiction as to certain crimes committed by Indians within that reservation. Murphy, 591 U.S. at 977; see Murphy v. Royal, 875 F.3d 896, 937-38 (10th Cir. 2017).

Beginning on September 4, 2020, Winfrey filed two petitions and at least one letter in state district court seeking postconviction relief from all three judgments he identifies in the instant

---

[5] Respondent contends that the judgment in Case No. CF-2018-1119 became final on April 7, 2021, ninety days after the OCCA affirmed his judgment on January 7, 2021. Dkt. # 21, at 10. But Winfrey had 150 days from that date to seek further direct review of this judgment by filing a petition for writ of certiorari in the Supreme Court of the United States because the Supreme Court extended the deadline for a brief period during the Covid-19 pandemic. See Sup. Ct. R. 13.1 (providing ninety-day period for filing petition for writ of certiorari); Wonsch v. Crow, No. 22-6040, 2022 WL 17337880, at *2 (10th Cir. Nov. 30, 2022) (unpublished decision cited for its persuasive value) (discussing Supreme Court orders that extended Rule 13.1's ninety-day period for filing petition for writ of certiorari to a 150-day period for petitions filed between March 19, 2020, and July 19, 2021).

habeas petition. Dkt. ## 21-40, 21-42, 21-46. Relying on McGirt, Winfrey asserted that the state "did not have jurisdiction to prosecute, convict, and sentence [him] for alleged crimes that occurred within the boundaries of the Creek Nation Reservation." Id. In support of this claim, Winfrey alleged (1) that he is "an Indian because he is eligible to apply for membership through the Chickasaw Nation"; (2) that he was in the process of applying for membership; (3) that his maternal great-grandparents are enrolled members of the Chickasaw Nation; (4) that his crimes occurred within the boundaries of the Muscogee (Creek) Nation Reservation; (5) that the victim in Case No. CF-2004-4372 is Indian; (6) that he has "a significant blood quantum of 91% African aboriginal"; (7) that he has "full equity in tandem with members of the Five Tribes as long as American Indians have the right privilege or immunity Freedman Indians have that same right"; (8) and that his children are enrolled members of Indian tribes. Dkt. # 21-40, at 2-5; Dkt. # 21-42, at 3.

In a series of orders, the state district court construed Winfrey's filings as applications for postconviction relief and denied relief. Dkt. ## 21-41, 21-45, 21-48, 21-49. In its first order, which appears to pertain to all three judgments identified in the instant habeas petition, the state district court reasoned, in part, that Winfrey "failed to offer any proof that he is an 'Indian' for purposes of invoking an exception to state jurisdiction." Dkt. # 21-41, at 2.[6]

In an order that appears to pertain only to Case No. CF-2004-4372, the state district court found that the victim in that case is Indian for purposes of federal law and that Winfrey committed the crimes within Indian country. Dkt. # 21-45, at 3. But the state district court denied relief based

---

[6] In determining whether a criminal defendant is Indian for purposes of federal law, a "court must make factual findings that the defendant '(1) has some Indian blood; and (2) is recognized as an Indian by a tribe or by the federal government.'" United States v. Prentiss, 273 F.3d 1277, 1280 (10th Cir. 2001) (quoting Scrivner v. Tansy, 68 F.3d 1234, 1241 (10th Cir. 1995)).

on the OCCA's decision in State ex rel. Matloff v. Wallace, 497 P.3d 686 (Okla. Crim. App. 2021) ("Wallace").  Id. at 6.  In Wallace, the OCCA held "that McGirt and [the OCCA's] post-McGirt decisions recognizing [the existence of certain] reservations shall not apply retroactively to void a conviction that was final when McGirt was decided."  Wallace, 497 P.3d at 689.  Applying Wallace, the state district court reasoned that the Winfrey's judgment, in Case No. CF-2004-4372, was final in December 2004, long before McGirt was decided.  Dkt. # 21-45, at 6-7.

In an order that appears to pertain only to Case No. CF-2018-1119, the state district court found that Winfrey committed his crimes of conviction within Indian country, but denied relief because Winfrey did not "show he meets the definition of 'Indian,'" and reasoned that the state has jurisdiction to prosecute crimes committed by non-Indians against non-Indians in Indian country.  Dkt. # 21-48, at 3-8.

Lastly, in an order that appears to pertain only to Case No. CF-2005-5770, the state district court found that Winfrey committed his crimes of conviction in Indian country but denied relief based on (1) the absence of evidence that Winfrey is Indian; (2) longstanding precedent that provides states to prosecute non-Indians for crimes committed against non-Indians in Indian country; and (3) the rule in Wallace that precludes postconviction relief for judgments that were final before McGirt was decided.  Dkt. # 21-49.  On this last point, the state district court found that the judgment in Case No. CF-2005-5770 was final on September 11, 2007.  Id. at 12.

Winfrey filed a postconviction appeal, in OCCA Case No. PC-2021-1087, purporting to seek review of the state district court's orders denying postconviction relief in all three cases he identifies in the instant habeas petition.  Dkt. ## 21-47, 21-50, 21-51.  In an order filed January 6, 2022, the OCCA affirmed the denial of postconviction relief, reasoning that Wallace precluded relief in all three cases.  Dkt. # 21-51.

**II.    Discussion**

Winfrey now seeks federal habeas relief, reasserting his claim that the state improperly exercised criminal jurisdiction, in Case Nos. CF-2004-4372, CF-2005-5770, and CF-2018-1119, when it prosecuted him for crimes he committed in Indian country. Dkt. # 4, at 5-7.

Respondent urges the Court to dismiss the petition, in part, for three reasons. First, respondent contends that this Court lacks jurisdiction over any claim challenging the judgment in Case No. CF-2004-4372 because Winfrey fully served his sentence in this case and therefore is not "in custody" under this judgment, as required by 28 U.S.C. § 2254(a). Dkt. # 21, at 19-25. Second, respondent contends that this Court lacks jurisdiction over any claim challenging the judgment in Case No. CF-2005-5770 because Winfrey did not obtain authorization to file a second or successive petition, as required by 28 U.S.C. § 2244(b)(3)(A). Id. at 25-28. Third, respondent contends, in the alternative, that even if this Court has jurisdiction as to any claim challenging the judgments in Case Nos. CF-2004-4372 and CF-2005-5770, Winfrey's claim challenging these two judgments should be dismissed as barred by the one-year statute of limitations prescribed in 28 U.S.C. § 2244(d)(1). Id. at 28-36. As to Winfrey's claim challenging the judgment in Case No. CF-2018-1119, respondent concedes that his claim is timely and non-successive but urges this Court to review the claim de novo and deny the petition, in part, because the claim lacks merit. Id. at 36-39.

Liberally construing Winfrey's reply, Winfrey's arguments appear to disagree only with respondent's argument that his claim challenging the state's exercise of criminal jurisdiction should be denied on the merits. Dkt. # 28.[7]

---

[7] The reply is rambling and difficult to follow. But Winfrey mentions McGirt and reasserts his arguments that his crimes occurred in Indian country and that he is "Indian" because he is a descendant of "Chickasaw Freedman" and "Creek Freedmen." Dkt. # 28.

8

### A.     Legal standards

A federal court may grant federal habeas relief to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). But "[t]o ensure that federal habeas corpus retains its narrow role, [the Antiterrorism and Effective Death Penalty Act ("AEDPA")] imposes several limits on habeas relief, and [the Supreme Court] ha[s] prescribed several more." Shinn v. Ramirez, 596 U.S. 366, 377 (2022). "And even if a prisoner overcomes all of these limits, he is never entitled to habeas relief. He must still 'persuade a federal habeas court that law and justice require [it]." Id. (alteration in original) (quoting Brown v. Davenport, 596 U.S. 118, 134 (2022)). On the record presented, the Court finds and concludes that law and justice do not require habeas relief because Winfrey has not shown that he is in custody in violation of the Constitution or laws or treaties of the United States as to any of the challenged judgments.

### B.     Analysis

#### 1.     The in-custody requirement is not met as to Case No. CF-2004-4732.

Respondent contends, and the Court finds, that the petition should be dismissed, in part, for lack of jurisdiction because Winfrey is not in custody under the judgment in Case No. CF-2004-4732. A state prisoner seeking federal habeas relief must show that he is "in custody pursuant to the judgment of a State court" when he files the petition. 28 U.S.C. § 2254(a); see United States v. Bustillos, 31 F.3d 931, 933 (10th Cir.1994) (stating that "[t]he party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction" and, thus, that such party must demonstrate that he "is in custody at the time of initiating [his] petition"). The in-custody requirement is jurisdictional. McCormick v. Kline, 572 F.3d 841, 848 (10th Cir. 2009). And "[t]o obtain relief under § 2254, the applicant must be 'in

custody' under the challenged judgment." Anderson-Bey v. Zavaras, 641 F.3d 445, 453 (10th Cir. 2011).

Respondent concedes that Winfrey meets the "in-custody" requirement as to the judgments entered against him in Case Nos. CF-2005-5770 and CF-2018-5119. Dkt. # 21, at 25 n.18. The Court finds that Winfrey's present confinement under these two judgments satisfies the "in custody" requirement and that this Court therefore has jurisdiction, under § 2254(a), to adjudicate the petition as to any claims challenging these two judgments. However, as respondent contends, because Winfrey has fully served his sentences in Case No. CF-2004-4372, he is not in custody under that judgment, and he therefore cannot challenge the validity of that judgment. Dkt. # 21, at 19-25; see Maleng v. Cook, 490 U.S. 488, 492-93 (1989) (per curiam) (holding that a habeas petitioner does not "remain[] 'in custody' under a conviction after the sentence imposed for it has fully expired" regardless of whether the prior conviction might be, or has been, "used to enhance the sentences imposed for any subsequent crime of which he is convicted"). Because Winfrey is not "in custody" under the judgment in Case No. CF-2004-4372, the Court dismisses the petition, in part, for lack of jurisdiction as to any claim challenging this judgment.

### 2. The petition is second or successive as to Case No. CF-2005-5770.

Even though Winfrey satisfies § 2254(a)'s jurisdictional "in-custody" requirement as to the judgment entered against him in Case No. CF-2005-5770, the Court agrees with respondent that any claim challenging this judgment faces a different jurisdictional bar under 28 U.S.C. § 2244(b). "A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.' 28 U.S.C. § 2244(b)." Banister v. Davis, 590 U.S. 504, 507 (2020); see also Panetti v. Quarterman, 551 U.S. 930, 947 (2007) ("In the usual case, a petition filed second in time and not otherwise permitted by

10

the terms of § 2244 will not survive AEDPA's 'second or successive' bar."). The phrase "second or successive" is not defined in § 2244(b), but the Supreme Court has explained that a second or successive petition filed by a state prisoner seeking relief from the same underlying state criminal judgment challenged in a first petition, with no new intervening judgment between the first and second or successive petition, is a second or successive petition subject to the requirements of § 2244(b). Compare Burton v. Stewart, 549 U.S. 147, 153 (2007) (concluding second-in-time habeas petition was "second or successive" under § 2244(b) because state prisoner "twice brought claims contesting the same custody imposed by the same judgment of a state court"), with Magwood v. Patterson, 561 U.S. 320, 341-42 (2010) (explaining that "where, unlike in Burton, there is a 'new judgment intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or successive' at all" (quoting Burton, 549 U.S. at 156)). Because this is Winfrey's second-in-time habeas petition challenging the judgment in CF-2005-5770, this court denied his first habeas petition on the merits, and there is no evidence in the record of new intervening judgment, the Court finds that the petition is, in part, a second or successive petition governed by § 2244(b). Burton, 549 U.S. at 153.

In some circumstances, a district court may consider claims presented in a second or successive petition filed by a state prisoner if those claims were not presented in a prior petition. 28 U.S.C. § 2244(b)(2). But before a state prisoner files a second or successive petition in district court, raising new claims that might fall within § 2244(b)(2)'s narrow exceptions, the prisoner must first file a motion "in the appropriate court of appeals for an order authorizing the district court to consider" the second or successive petition. Id. § 2244(b)(3)(A). If the state prisoner does not obtain authorization, the district court does not have jurisdiction to adjudicate any claims raised in the second or successive petition. In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008) (per

curiam). Winfrey does not argue that he obtained the requisite authorization. Dkt. ## 4, 28. And he affirmatively, and incorrectly, states in the petition that he has not previously sought relief in federal court as to any of the challenged judgments. Dkt. # 4, at 13. Because the petition is an unauthorized second or successive petition as to any claim challenging the judgment in Case No. CF-2005-5770, the Court dismisses the petition, in part, for lack of jurisdiction as to any claim challenging this judgment.

        **3.     Winfrey's only claim lacks merit.**

For the reasons just discussed, the only portion of the petition that is properly before this Court is Winfrey's challenge to the lawfulness of his custody under the judgment in Case No. CF-2018-1119. And Winfrey's only claim challenging that judgment asserts that the state had no jurisdiction to prosecute him for crimes he committed in Indian country. Winfrey presented this claim to the OCCA through his postconviction appeal, and the OCCA applied its holding from Wallace to affirm the denial of postconviction relief. Dkt. # 21-51.

Ordinarily, when a federal claim has been adjudicated on the merits in state court, federal habeas review is limited, and a federal court must view the decision of the state's highest court with considerable deference. See 28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 102 (2011) ("As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings."). And, when a state court applies a procedural bar to reject a federal claim, a federal court ordinarily may not review that claim unless the state prisoner has made certain showings to overcome the procedural default of that claim. See Davila v. Davis, 582 U.S. 521, 527-29 (2017) (explaining that "a federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule" and discussing showings

prisoner must make to overcome a procedural default). Nonetheless, respondent urges this Court to ignore any procedural obstacles that may be at play, review Winfrey's claim de novo, and deny relief on the merits. Respondent urges this path forward because Winfrey's judgment in Case No. CF-2018-1119 was not final when McGirt was decided, thereby rendering inapplicable the Wallace rule that the OCCA applied to affirm the denial of postconviction relief. Dkt. # 21, at 14, 38. Under these unique facts, the Court agrees with respondent that de novo review is appropriate. Id. at 38; see Fontenot v. Crow, 4 F.4th 982, 1060-61 (10th Cir. 2021) (discussing circumstances that support de novo review in habeas proceedings); see also Smith v. Duckworth, 824 F.3d 1233, 1242 (10th Cir. 2016) (explaining that if a "'claim may be disposed of in a straightforward fashion on substantive grounds,' this court retains discretion to bypass the procedural bar and reject the claim on the merits" (quoting Revilla v. Gibson, 283 F.3d 1203, 1210-11 (10th Cir. 2002))).

      The Court also agrees with respondent that Winfrey's claim lacks merit. As the state district court found when it considered the merits of Winfrey's claim and denied postconviction relief in Case No. CF-2018-1119, there is no evidence in the record demonstrating that Winfrey, or any victim of the crimes he committed in this case, is Indian for purposes of federal law. Dkt. ## 21-41, at 2; Dkt. # 21-48, at 3-8. Even when a federal habeas court reviews a claim de novo, factual findings of a state court are presumed correct absent clear and convincing evidence to rebut that presumption. 28 U.S.C. § 2254(e)(1); see Fontenot, 4 F.4th at 1061. To the extent the state district court's determination that Winfrey is not Indian constitutes a factual finding, Winfrey's allegations that he is a Chickasaw Freedman or a descendant of Chickasaw or Creek Freedmen do not clearly and convincingly rebut the state district court's finding. Further, to the extent the state district court's determination regarding Winfrey's non-Indian status is a legal conclusion, that legal conclusion that conclusion is objectively reasonable because Winfrey's allegations fall far short of

establishing that he is Indian for purposes of federal law. Prentiss, 273 F.3d at 1280. Because there is no evidence in the record that either Winfrey or any victim of the crimes underlying his convictions in Case No. CF-2018-1119 is Indian, his sole claim challenging the state's exercise of criminal jurisdiction in that case lacks merit. See Oklahoma v. Castro-Huerta, 597 U.S. 629, 637 (2022) ("In the leading case in the criminal context—[United States v. McBratney, 104 U.S. 621 (1881)]—this Court held that States have jurisdiction to prosecute crimes committed by non-Indians against non-Indians in Indian country."); McGirt, 591 U.S. at 933 (citing McBratney for the proposition that unless otherwise provided in 18 U.S.C. §§ 1152 and 1153, "States are . . . free to apply their criminal laws in cases of non-Indian victims and defendants, including within Indian country"). Because the only claim Winfrey presents to challenge the judgment in Case No. CF-2018-1119 lacks merit, the Court denies the petition, in part, as to any claim challenging this judgment.[8]

### III. Conclusion

Because Winfrey is not "in custody" under the judgment in Case No. CF-2004-4372, the Court dismisses the petition, in part, for lack of jurisdiction. Because Winfrey did not obtain authorization to file a second or successive petition challenging his custody under the judgment in

---

[8] Respondent argues, in the alternative, that even if this Court has jurisdiction as to Winfrey's claim challenging the judgments in Case Nos. CF-2004-4372 and CF-2005-5770, the statute of limitations bars relief. Dkt. # 21, at 28-36. State prisoners ordinarily have one year from the date a state criminal judgment becomes final to file a federal habeas petition challenging the constitutional validity of that judgment. 28 U.S.C. § 2244(d)(1)(A); Gonzalez, 565 U.S. at 150. Respondent's thorough analysis appears to support respondent's view that any claims challenging these two judgments are time-barred because the judgments in these cases were final in 2004 and 2007. Dkt. # 21, at 32-34. But the Court finds it unnecessary to resolve the timeliness issue because even if Winfrey's claim is, or could be deemed, timely as to these two judgments, his claim lacks merit for the reasons just discussed. Thus, to the extent any claim challenging the judgments in Case Nos. CF-2004-4372 and CF-2005-5770 could be construed as properly before this Court, the Court would deny habeas relief.

Case No. CF-2005-5770, the Court dismisses the petition, in part, for lack of jurisdiction. Lastly, because Winfrey's only claim challenging his custody under the judgment in Case No. CF-2018-1119 lacks merit, the Court denies the petition, in part. And because reasonable jurists would not debate this Court's disposition of the petition, the Court denies a certificate of appealability. See 28 U.S.C. § 2253; Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that: (1) the petition for writ of habeas corpus (Dkt. # 4) is **dismissed in part and denied in part**; (2) a certificate of appealability is **denied**; and (3) a separate judgment shall be entered in this matter.

**IT IS FURTHER ORDERED** that the Clerk of Court shall note on the record the substitution of Randy Harding, Warden, in place of Scott Nunn as party respondent.

**DATED** this 9th day of December, 2024.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE